HEARD *v.* PEERLESS CEMENT CORPORATION.

JUDGMENT—INJUNCTION—COLLATERAL ATTACK—STOCKHOLDER'S SUIT
—CORPORATIONS—BANKRUPTCY.

Stockholder's action against corporation for value of stock,
brought after corporation had been reorganized under pro-
visions of the Federal bankruptcy act in a Federal court
whose judgment enjoined actions to validate securities ex-
cept under the plan of reorganization then before it, was in
violation of such injunctive order and a collateral attack
upon such judgment of the Federal court which has ex-
clusive jurisdiction in such matter, hence, summary judgment
for defendant by State circuit court was proper as such court
was without jurisdiction to pass upon the merits (Bankruptcy
Act, § 77B).

Appeal from Wayne; Fitzgerald (Frank), J. Sub-
mitted January 4, 1951. (Docket No. 49, Calendar
No. 44,972.) Decided March 1, 1951.

Action by Mary Ella Heard against Peerless
Cement Corporation for value of stock she held in
defendant corporation before its reorganization.
Summary judgment for defendant. Plaintiff ap-
peals. Affirmed.

*M. D. Smilay,* for plaintiff.

*Wilbur M. Brucker, Guerin Todd, Jr., Clark, Klein,
Brucker & Waples,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
6 Am Jur, Bankruptcy, §§ 1486, 1529, 1573.

REID, C. J. Plaintiff filed her declaration in this suit at law to· recover damages apparently for the value of her stock in defendant corporation, which stock she claims the defendant declared worthless, plaintiff further claiming that a bankruptcy proceeding in Federal court in which a reorganization of defendant company was effectuated under section 77 B of the bankruptcy act (now chapter X of said act) is void as to plaintiff for want of service of notice on her. From a summary judgment for defendant, plaintiff appeals.

Plaintiff claims that on May 15, 1930, she purchased 45 shares of the common stock of the defendant Peerless Cement Corporation, incorporated under the laws of the State of Michigan. Not hearing from the corporation for a long period of time, she wrote a letter, on January 28, 1947, through her counsel, to the said corporation.

Plaintiff's claim that the "defendant has now declared said stock worthless," seems to rest on the fact that in reply to her said letter, a letter was written on February 4, 1947, by attorneys for the defendant (attached per copy to the declaration) in which defendant's attorneys recite the reorganization in bankruptcy of the defendant corporation and give *their opinion* that the stock is worthless.

The stock was declared cancelled by the order of the Federal court hereinafter referred to, dated November 12, 1940.

On February 1, 1935, an involuntary petition in bankruptcy, under the provisions of section 77 B of the bankruptcy act was filed against said defendant corporation in the United States district court for the eastern district of Michigan, southern division, cause No 18,683, which said petition was filed by reason of the then insolvent condition of said defendant corporation.

Thereafter, on July 23, 1935, a plan for reorganization of said defendant corporation was filed with the Federal court and on November 8, 1935, said plan for reorganization was duly ratified and confirmed by said Federal court.

Plaintiff claims that she did not receive any of the notices required by law, of the bankruptcy proceedings or the reorganization.

Plaintiff nowhere denies that notice of the pendency of the reorganization proceeding was addressed and mailed to her in accordance with the orders of the bankruptcy court. She denied having personally received such notice.

On April 8, 1947, the suit at bar was started in the Wayne circuit court by declaration for $5,000. Defendant filed its answer on May 17, 1947. Plaintiff filed a reply to defendant's answer on May 28, 1947; on May 28, 1947 plaintiff filed a demand for trial by jury.

On December 17, 1948, a pretrial hearing was had before the Honorable Joseph A. Moynihan, circuit judge; on February 7, 1949, defendant filed a motion for summary judgment. On March 8, 1949, plaintiff filed affidavit of merits in opposition to motion for summary judgment under Court Rule No 30, § 7 (1945).

On March 8, 1949 a hearing was had on the motion for summary judgment before the Hon. Frank Fitzgerald, circuit judge, at the conclusion of which the court rendered its opinion. On March 11, 1949, the circuit court entered a judgment of no cause for action.

On March 30, 1949, plaintiff filed a motion for a new trial. On April 14, 1949, the circuit court entered an order denying the motion for a new trial. This is an appeal from the judgment entered March 11, 1949.

The order of the Federal court dated November 12, 1940, recited *inter alia* that,

"All securities of Peerless Cement Corporation which on this date have not been exchanged under the plan of reorganization be and the same hereby are cancelled excepting the securities held by the following people in the following amounts: * * * [the names of plaintiff and her deceased husband do not appear in the list of holders of stock].

"It is hereby further ordered, that the debtor be and it hereby is discharged from all its debts and liabilities and all the rights and interests of stockholders of the debtor are hereby cancelled except as provided in the plan of reorganization or in the order confirming said plan. * * *

"It is hereby further ordered that all persons having claims against or holding the securities of Peerless Cement Corporation be and they hereby are permanently enjoined from proceeding against Peerless Cement Corporation or attempting to collect any claims or make valid any securities except under the plan of reorganization confirmed by this court."

The Federal court in bankruptcy lawfully acquired exclusive jurisdiction of the debtor (defendant) and its property under section 77 B of the bankruptcy act (now chapter X). Defendant corporation appeared in Federal court, filed its answer and consented to relief under section 77 B of the bankruptcy act, March 22, 1935.

Plaintiff does not plead nor assert that the defendant corporation was in fact possessed of assets at the time of the inception of the bankruptcy proceedings nor at any time during the pendency of those proceedings, sufficient to pay its debts. Plaintiff does not plead nor assert that her stock would have been of some value if the Federal court had not cancelled defendant's debts.

The Federal court did not waive jurisdiction but on the contrary expressly enjoined suits such as plaintiff herein brings.

Plaintiff violated the injunctive order of the Federal court made in the bankruptcy proceeding by bringing the instant suit, and plaintiff is here making a collateral attack on the judgment of that court, which Federal court has exclusive jurisdiction of the bankruptcy matter in question. The circuit court correctly refused to pass upon the merits of the claim of plaintiff as stockholder. If plaintiff has any meritorious claim against defendant still not waived, lost or outlawed, she must urge it before the Federal court.

Summary judgment for the defendant was properly entered. Judgment for defendant affirmed, with costs to defendant.

BOYLES, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.